

F I L E D
OCT 1 5 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**TYRONE HENDERSON,**
*on behalf of himself and others*
*similarly situated,*

       **Plaintiff,**

v.                                                    Civil Action No: 3:12CV 730

**TRANS UNION, LLC, in its own name and t/a
TRANS UNION RENTAL
SCREENING SOLUTIONS, INC. and
TRANSUNION BACKGROUND DATA
SOLUTIONS,**

**and**

**TRANS UNION RENTAL
SCREENING SOLUTIONS, INC. in its own name
and t/a TRANSUNION BACKGROUND DATA
SOLUTIONS.**

       **Defendants.**

## CLASS COMPLAINT

COMES NOW, the Plaintiff, **TYRONE HENDERSON,** on behalf of himself and all similarly situated individuals and for his Complaint, he states as follows:

### INTRODUCTION

1.     Plaintiff Tyrone Henderson brings this class action against Defendants to obtain relief for himself and the class he proposes to represent for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

2.     Defendants operate as a single FCRA governed "consumer reporting agency".

TransUnion, LLC has structured itself in order to warehouse its sale of credit reporting consumer reports in one entity and its sale of criminal history (employment and landlord-tenant purposed) consumer reports in a second entity. However, it freely transfers data between units and operates without any impediments of corporate structure. In almost every material regard, the TransUnion units operate as if they are one and the same, a single "consumer reporting agency."

3.      Despite Defendants' governance by the FCRA, they operate literally as if the law does not exist. TransUnion sells consumer reports to anyone for any reason, but refuses consumer demands for investigation and correction of inaccurate public records in its database. Plaintiff brings a class claim under 15 U.S.C. § 1681g. The Plaintiff requested his consumer disclosure from the Defendants and a list of all inquiries made to the Defendants for his report. The Defendants refused to provide his report. Plaintiff also brings his individual claims for TransUnion's violation of 15 U.S.C. § 1681i(a) by Defendants' refusal to investigate his dispute that he had been inaccurately saddled with the criminal felony records of an unrelated, but similarly named Tyrone Henderson.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendants regularly do business in the district and division.

5.      The Plaintiff is a citizen of Richmond, Virginia and maintains all of the documents relevant to this dispute at his home in Richmond, Virginia.

## PARTIES

6.      Plaintiff is a natural person and a "consumer" as protected and governed by the

2

FCRA.

7.      Defendants are TransUnion LLC, in its own name and trading as TransUnion Rental Screening Solutions, Inc., and TransUnion Background Data Solutions, as well as TransUnion Rental Screening Solutions, Inc. in its own name and trading as TransUnion Background Data Solutions (together, "Defendants" or "TransUnion").

8.      TransUnion claims that it can offer paying customers "[a] database of more than 200 million files, which profile nearly every market-active consumer in the United States." http://www.transunion.com/corporate/business/solutionsbyneed.page?.

9.      Its best known product is conventional credit reporting. "This database contains information provided by more than 85,000 credit-granting institutions and is updated, audited and monitored on a regular basis." http://www.transunion.com/corporate/business/solutionsbyneed/credit-reporting.page?

10.     TransUnion LLC also maintains marketing websites that it uses to promote its services in providing criminal record background information on tenants and other consumers.

11.     For its tenant screening business, TransUnion markets its services as follows:

Independent Rental Owners

> Whether you have a couple hundred units or just one, you now have access to the same tenant screening used by the largest property management companies. It's all online in a solution designed to fit your needs.
>
> TransUnion SmartMove gives you all the tenant screening tools you need with none of the hassle including long approval processes or minimum use requirements.

- Credit report and criminal history
- Leasing recommendation
- Suggested deposit amount

- Joint recommendation for multiple tenants and co-signers
- No paperwork or long approval process
- Use it only when you need it and pay as you go
- Landlord decides who pays for the service

*See* http://www.transunion.com/corporate/business/propertymgt/independent-rental-owners.page

12.     For its data reselling business, TransUnion describes its business as follows:

Background Data Resellers

With one of the worlds largest maintained criminal databases, Trans Union Background Data Solutions helps you offer higher-quality data to expand your profit margin. Access more than 1 billion criminal and eviction records updated weekly from more than 400 data sets across the country.

*See* http://www.transunion.com/corporate/business/solutionsbyneed/data-resellers.page.

13.     TransUnion represents that it can

Access instant criminal history data across 46 states, plus non-instant data from other states within 48 hours. This includes felonies and misdemeanors from local and state jurisdictions, and instant results from the crucial federal databases.

*Id.*

14.     TransUnion explains on its website that its customers will be able to obtain

"criminal and eviction histories from one trusted source:"

The quality of your data solutions may be what differentiates you from the competition. Sure, quantity is important. But the real key to providing valuable data is how much your customers can actually do with the information you provide.

*Id.*

15.     TransUnion encourages its customers to:

Stand out among other data providers with TransUnion Background Data Solutions:

- Advanced delivery methods
- User-friendly reporting format
- Fewer false positives

- Consumer-friendly file management

Offer your customers more

With background data from TransUnion, you can offer access to one of the industry's most comprehensive criminal and eviction databases. You'll be able to return your customers' data requests more efficiently with fewer false positives, and provide a custom report that combines all rap sheets into a single format and filters any of your customers' variables.

*Id.*

16.    TransUnion also utilizes audio/video presentations to promote its abilities to provide immediate information to its customers from its extensive criminal and eviction databases, and it cross-uses its credit and criminal record databases. *See* http://www.youtube.com/watch?v=yXZZ19jO27Q; and http://www.youtube.com/watch?v=HR2oAl8N5XY&list=UU2KeLg4EXenj_9JcUAxKs_w&index=2&feature=plpp_video.

17.    By their own repeated admissions, Defendants are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

18.    The data and reports TransUnion sells are used and expected to be used for multiple purposes governed by 15 U.S.C. § 1681b and the public records data included in each report bears on the credit history, credit worthiness, reputation, personal characteristics and mode of living of each respective consumer.

19.    And by their own admission, each of the TransUnion entities is integrated as a single national consumer reporting agency, with all databases marketed and made available to each of TransUnion's customers regardless of structure or category of content.  For example, a

5

tenant screening user can obtain a single report that contains both credit reporting data and criminal history data.  Employer customers can receive all of the data in the public records database as well as the conventional credit history data.

20.     According, as previously alleged, Defendants operate collectively and jointly as a national "consumer reporting agency", as defined in 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

21.     Beginning before 2009, Plaintiff Tyrone Henderson discovered that a large number of background check companies were reporting that he had suffered multiple felony criminal convictions in Westmoreland County, Pennsylvania.

22.     The Westmoreland County records did not belong to the Plaintiff.  They regarded an unrelated man with a similar name, but entirely different social security number.

23.     Nevertheless, each time the Plaintiff applied for a job, and a background check was obtained by the employer, regardless of the reporting agency used, his report came back with the falsely attributed Pennsylvania convictions.  At least one of these episodes is now the subject of pending litigation in this Court.

24.     Ever since, the Plaintiff has been engaged in a long enduring effort to clear his good name and to preemptively clean up the files at the many major background check companies that might sell his report, and the inaccurate Pennsylvania records, to another employer or other person before he could even find out.

25.     On one or more occasions within the last two years, including in 2011, Plaintiff contacted TransUnion and requested a full copy of his consumer report maintained by the Defendants.

26.     In 2011, in response to Plaintiff's request, TransUnion provided and furnished to Mr. Henderson only his conventional credit report portion of TransUnion's file and falsely represented that it had provided his full file.

27.     In January 2012, after learning of TransUnion's prominence in the criminal background records field, Plaintiff wrote to TransUnion and again requested a full copy of his file, including all inquiries made to it and he disputed the inaccurate Westmoreland County records.  He also asked TransUnion to investigate his dispute to confirm that it had either not obtained or not retained the inaccurate Pennsylvania history in his TransUnion file.  *See* Exhibit A.  This time, Plaintiff mailed his requests to multiple addresses, including the one he had learned was used by TransUnion's criminal background records unit.

28.     TransUnion responded to Plaintiff's request and his dispute by letter dated February 15, 2012, attached at Exhibit B.  TransUnion refused to provide the Plaintiff's full consumer report or provide any of the FTC Summary of Rights under the FCRA.

29.     TransUnion does not sell or otherwise provide – to anyone – a copy of a consumer's full consumer file.  Instead, in this instance, it advised the Plaintiff to contact to contact its toll free number to request a Consumer Credit Report.

30.     As a result of the Plaintiff's request for investigation, TransUnion findings showed that the records found in Pennsylvania were not a match.  By letter dated March 9, 2012, TransUnion provided the Plaintiff with a one page "Application Summary" showing zero records in Pennsylvania.  *See* Exhibit C.

31.     TransUnion did not provide the Plaintiff with his full consumer file as it would sell to a third party.

7

32.     TransUnion knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

33.     TransUnion obtained or had available substantial written materials that apprised it of its duties under the FCRA.

34.     Despite knowing of these legal obligations, TransUnion acted consciously in breaching its known duties and deprived Plaintiff and other members of the class of their rights under the FCRA. Plaintiff alleges that TransUnion's conduct as alleged herein was consistent with its established and systematically executed procedures and policies for compliance with the FCRA.

## COUNT I - VIOLATION OF THE FCRA § 1681g(a) (CLASS ACTION)

35.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

36.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "1681g Class") defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) who requested their consumer file from TransUnion at a time that TransUnion also maintained one or more criminal history records attributable to the identifying segments for that consumer, within five years preceding the filing of this action and during its pendency, and preceding the date on which the request was made. Excluded from the class definition are any employees, officers, directors of TransUnion, any attorney appearing in this case, any consumer who has signed and delivered to TransUnion a general release of claims and any judge assigned to hear this action.

37.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff also brings this action for himself and on behalf of a narrowed subclass (the "Virginia 1681g SubClass")

defined as follows:

> All natural persons residing in the Commonwealth of Virginia who requested their consumer file from TransUnion at a time that TransUnion also maintained one or more criminal history records attributable to the identifying segments for that consumer, within five years preceding the filing of this action and during its pendency, and preceding the date on which the request was made. Excluded from the class definition are any employees, officers, directors of TransUnion, any attorney appearing in this case, any consumer who has signed and delivered to TransUnion a general release of claims and any judge assigned to hear this action.

38.   **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the TransUnion, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

39.   **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be TransUnion's uniform conduct and procedures, whether TransUnion is a CRA, whether it provided the required consumer disclosures, whether it was required to do so and whether TransUnion acted willfully in its failure to design and implement procedures to assure compliant delivery of this information. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

40.   **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

9

41.    **Adequacy. FED. R. CIV. P. 23(a(4).** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.    Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

42.    **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.    The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by TransUnion's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by TransUnion's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

43.    **Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2).** Class certification is appropriate because TransUnion has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class

10

members.

44.     TransUnion's failure to provide a consumer's file, and to provide the related disclosures required by the FCRA violated 15 U.S.C. § 1681g as to the Plaintiff and other members of the section 1681g class and each Virginia 1681g Subclass member.

45.     The conduct, action, and inaction of TransUnion was willful, rendering TransUnion liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the violation was negligent entitling the Plaintiff and the class to actual damages in the amount of the value of their consumer file.

46.     Plaintiff and other members of the putative class are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

47.     As a result of these FCRA violations, TransUnion is liable to Plaintiff and to each section 1681g Class Member and each Virginia 1681g Subclass member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys' fees and costs pursuant to § 1681n.

## COUNT II - VIOLATION OF THE FCRA § 1681i(a) (INDIVIDUAL ACTION)

48.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

49.     TransUnion's failure to conduct a reasonable reinvestigation of the Plaintiff's dispute within 30 days of receipt violated 15 U.S.C. § 1681i(a) as to the Plaintiff.

50.     The conduct, action, and inaction of TransUnion was willful, rendering

11

TransUnion liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the violation was negligent entitling the Plaintiff to actual damages.

51.     Plaintiff is entitled to recover costs and attorneys' fees as well as appropriate equitable relief from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

52.     As a result of these FCRA violation, TransUnion is liable to Plaintiff for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys' fees and costs pursuant to § 1681n.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class and Subclass members pray for relief as follows:

A.     That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

B.     That judgment be entered for the class and subclass against TransUnion for statutory damages and punitive damages for violation of 15 U.S.C. §1681g, pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

C.     That judgment be entered for the class and subclass against TransUnion for actual for violation of 15 U.S.C. §1681g, pursuant to 15 U.S.C. §§ 1681n and/or 1681o

D.     That judgment be entered for the Plaintiff individually against TransUnion for statutory damages and punitive damages for violation of 15 U.S.C. §1681g, pursuant to 15

U.S.C. §§ 1681n and/or 1681o.

       E.     That the Court award costs and reasonable attorneys' fees, pursuant to 15

U.S.C. §§ 1681n and 1681o; and,

       F.     That the Court grant such other and further relief as may be just and

proper.

**TRIAL BY JURY IS DEMANDED.**

                               **TYRONE HENDERSON,**
                               **For himself and on behalf of all**
                               **similarly situated individuals.**

By:                                _____
                               Dale W. Pittman
                               VSB #15673
                               Attorney for Plaintiff
                               THE LAW OFFICE OF DALE W. PITTMAN, P.C.
                               112-A W Tabb Street
                               Petersburg, VA 23803-3212
                               Telephone: (804) 861-6000
                               Fax: (804) 861-3368
                               Email: dale@pittmanlawoffice.com

                               Leonard A. Bennett
                               VSB #37523
                               Attorney for Plaintiff
                               CONSUMER LITIGATION ASSOCIATES, P.C.
                               763 J. Clyde Morris Blvd., Suite 1-A
                               Newport News, VA 23601
                               Phone: (757) 930-3660
                               Fax: (757) 930-3662
                               Email: lenbennett@clalegal.com

13

Susan M. Rotkis
VSB 40693
CONSUMER LITIGATION
ASSOCIATES, P.C.
Attorney for Plaintiff
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  srotkis@clalegal.com

James A. Francis (pro hac vice)
David A. Searles (pro hac vice)
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Bob Cocco (pro hac vice)
Robert P. Cocco, P.C.
1500 Walnut St., Ste. 900
Philadelphia, PA 19102
215-351-0200
Fax: 215-261-6055

14